COMMISSIONERS OF KEYPORT v. WILLIAM H. CHERRY ET AL.

If power to lay streets is conferred by a special charter incorporating a town, the general authority of the Court of Common Pleas for laying roads in the townships of the state, is excluded.

On *certiorari* to the Court of Common Pleas of Monmouth county.

Argued at February Term, 1889, before Justices SCUDDER, DIXON and REED.

For the prosecutor, *F. P. McDermott.*

For the defendant, *B. B. Ogden.*

The opinion of the court was delivered by

SCUDDER, J. The writ in this case brings up for review the proceedings of surveyors of highways to lay out a public road in the town of Keyport, including the application, the appointment, the return laying out the road, the map, the assessments of damages to the landowners, and the order of the court for recording the same. The jurisdiction of the Court

of Common Pleas to proceed, under the General Road law, to lay this road is disputed by the town commissioners, who claim exclusive jurisdiction under their charter. If such power is conferred upon them by special law, the general authority of the court for laying roads in the townships of the state, is excluded. *State* v. *Clarke*, 1 *Dutcher* 54; *Bodine* v. *Trenton*, 7 *Vroom* 198.

` If the town authorities are not, by express words or necessary implication, given full and complete jurisdiction of the subject matter of laying roads within the boundaries of the corporation, the general power of the court remains. *State* v. *Troth*, 5 *Vroom* 377; *Washington* v. *Fisher*, 14 *Id.* 377.

The charter incorporating the town of Keyport, within the township of Raritan (*Pamph. L.* 1870, *p.* 1022, § 5), gives the commissioners, who are the governing body, the power, among other things, to pass and enact by-laws and ordinances for opening, altering, regulating and fixing the grade of the roads, streets and sidewalks, for keeping the same in repair, and for preventing and removing obstructions therefrom, &c.

Section 14 provides that the landowners on any street that is, or may thereafter be, opened, by a majority of their votes, may have the sidewalks graded and paved in the manner therein prescribed.

The supplement to the charter, approved March 7th, 1871 (*Pamph. L.*, *p.* 382, § 2), enacts that the board of commissioners shall have full power to open streets, widen streets and parts of streets, straighten lines of streets, and assess the cost, benefit and damages thereof on the property benefited, &c.; and on the application of property holders, in the manner provided in the fourteenth section of the act to which this is a supplement, in applications for paving streets, *shall lay out new streets.* The former limitation to opening and improving streets is, by this last clause of the section, extended to laying out new streets. Still, it does not appear that any legal or sufficient method is provided for the assessment of the damages of such landowners as may be unwilling to have the road laid, or for the costs and expenses of such laying, open-

ing and improving. The costs, benefits and damages cannot be assessed entirely on the property benefited, under this section 2, for that would be an unconstitutional burden upon these lands. But, by the act of March 12th, 1887 (*Pamph. L.,* p. 70; *Rev. Sup., p.* 548, § 263), entitled "An act respecting assessments for local improvements in towns and townships," in assessing the costs and expenses of street, sewer and drainage improvements in any town or township of this state, the commissioners or board of assessment, by whatever name they shall be called, shall assess the said costs and expenses upon the lands and real estate benefited by such improvement, and in proportion to the benefits therefrom received, and no lot or parcel shall be assessed more than it is benefited; and if the total cost and expenses of an improvement exceed the aggregate amount of the assessable benefits, such excess shall be borne and paid by the town or township at large. This act substitutes a legal method of assessment for the defective form given in section 2 of the act of 1871.

It is clear, that, by section 2 of the act of 1871, the town commissioners are clothed with the exclusive jurisdiction of laying out new streets within the boundaries of this corporation, and that this can only be done on the application of a majority of the landowners on the line of the proposed street. These terms are repugnant to the provisions of the General Road law, and, by implication, take away the jurisdiction of the Court of Common Pleas to lay roads within the town of Keyport. So long as the charter right to lay roads is unrepealed, no other tribunal can assume jurisdiction in such case within the corporation limits. In the present position of the case the only question presented is that of the jurisdiction of the Court of Common Pleas to lay this road; no landowner is here complaining that his lands have been taken, and damages have not been awarded to him.

On the case as presented, the proceedings of the court and of the surveyors of highways will be set aside.