## THE STATE OF NEW JERSEY v. ISAAC CORSON, JR.

Submitted July 6, 1900—Decided November 12, 1900.

An indictment which simply avers that the defendant unlawfully dredged the oyster bed, duly marked and staked up, without the permission of the lessee, but failed to allege that the lease was made by the state oyster commission, by virtue of which the lessee's permission was requisite under *Pamph. L.* 1899, *p.* 506, providing a penalty for dredging upon any oyster beds leased from said commission, without the permission of the lessee, is defective and will be quashed.

On *certiorari.*

The following indictment has been removed into this court and a motion made to quash it:

"Cumberland County, to wit.

"The Grand Inquest, for the State of New Jersey, and for the body of the county of Cumberland, upon their respective oaths or affirmations, present that Isaac Corson, Jr., late of the township of Commercial, in the county of Cumberland, on the tenth day of February, in the year of our Lord one thousand nine hundred, at the township of Commercial, in the county of Cumberland aforesaid, and within the jurisdiction of this court, unlawfully did dredge upon and throw and cast his oyster dredges for the purpose of catching oysters, upon a certain oyster bed and ground duly marked and staked up within the waters of this state, to wit, within and under the waters of Delaware bay and Maurice river cove, in the county of Cumberland aforesaid, belonging to and in the possession of Sherman Hager, without the permission of the said Sherman Hager, the said Sherman Hager being then and there the lessee of said oyster bed and ground, contrary to the form of the statute in such case made and provided, against the peace of this state, the government and dignity of the same."

Before Justices DIXON, GARRISON and COLLINS.

For the state, *J. Hampton Fithian,* prosecutor of the pleas.

For the prosecutors, *Walter H. Bacon* and *David J. Pancoast.*

The opinion of the court was delivered by

GARRISON, J. This indictment must be quashed for the reason first stated by the prosecutors of this *certiorari,* viz., "because it does not set forth any crime or indictable offence."

It simply avers that Corson, the defendant, unlawfully dredged the oyster bed of one Hager without the permission of Hager, who was the lessee of the said bed. It was without doubt the object of the pleader to charge that the "state oyster commission" had made the lease by virtue of which Hager's permission was requisite, under chapter 194 of the laws of 1899. This, however, he has not done, and without this the word "lessee" imports at most a trespass.

The indictment is quashed upon this ground without considering the questions that might arise upon an indictment that charged the violation of this statute.