NATE SALSBURY v. CONOVER GASKIN.

Argued November 13, 1900—Decided February 25, 1901.

1. Where the right to lay out and open streets, roads, highways and alleys is conferred upon a local municipality by express enactment in its charter, it will be held to be exclusive, and the Court of

Common Pleas has no jurisdiction to appoint surveyors to lay out a public or private road under the General Road acts within the territorial jurisdiction of such municipality.

2. The power to lay out and open streets, roads, highways or alleys in Long Branch is exclusively in the Long Branch Commission under its charter.

On *certiorari* to the Monmouth Pleas.

Before Justices VAN SYCKEL and FORT.

For the plaintiff, *J. Clarence Conover.*

For the defendant, *Henry S. Terhune.*

The opinion of the court was delivered by

FORT, J.    The writ in this case brings up an order of the Common Pleas of Monmouth county to lay out a private road in Long Branch.

Long Branch is a part of Ocean township, and its local government, in so far as it is separated from the township government, is by a commission elected by the people.

The original act creating the commission was approved April 11th, 1867, and the only supplements of interest to this case were approved in 1873 and 1875, respectively. *Pamph. L.* 1867, *p.* 976; *Pamph. L.* 1873, *p.* 548; *Pamph. L.* 1875, *p.* 477.

Section 2 of the act of 1873 abolished surveyors of the highways in the limits of the jurisdiction of the Long Branch commission. The act of 1875 is quite full, and is practically a conference of powers usually incident to a city government.

Under section 33 of the act of 1875 the commission is given power, by ordinance, among other things, as follows:

"VI. To ascertain and establish the boundaries of all streets, avenues, highways, lanes and alleys in said district, and prevent and remove all encroachments upon said streets, avenues, highways, lanes and alleys."

Title VIII. of the act is "Streets," and by section 61 under this title it is enacted as follows:

"That it shall be lawful for the board of commissioners, whenever in their opinion the public good requires it, by ordinance:

"1. To lay out and open any street, road, highway or alley within said district; to order and cause any street, road, highway or alley already laid out to be vacated, straightened, altered or widened; and to take and appropriate for such purpose any lands and real estate, upon making compensation to the owner or owners thereof, as is hereinafter mentioned and provided."

It seems to us that these provisions, as quoted, must be held to confer upon the municipality exclusive jurisdiction over the laying out of all public or private ways within the jurisdiction of the commission.

The language here is quite as comprehensive as that used in a number of borough charters where the jurisdiction of the local municipality has been held to be exclusive. *Keyport* v. *Cherry*, 22 *Vroom* 417; *S. C.*, 23 *Id.* 544; *In re Road*, 25 *Id.* 539; *Freeman* v. *Price*, 34 *Id.* 151.

We can find no authority to sustain the contention that while it may be that the Long Branch commission has exclusive jurisdiction over public ways, that jurisdiction is not exclusive of the Common Pleas as to laying private roads.

We should be disinclined to so hold, unless it would violate all proper rules of construction to hold otherwise. It is much better and entirely in the interests of a proper control of local affairs to hold in all cases where general powers are given to a municipality to lay out and open "streets, roads, highways and alleys" that it was the intent of the legislature to cover all streets and roads of every character requiring the act or consent of the public authorities to lay or open the same. Public necessity must exist for the laying out of a private road. The surveyors must certify that in laying it they had regard to public convenience. Such roads are public in their character and uses. *Allen* v. *Stevens, 5 Dutcher* 509; *Parmley* v. *White*, 6 *Vroom* 203.

We have not considered the question raised as to whether the Long Branch commission has power to assess the dam-

ages for opening roads. That question it is not necessary to pass upon.

We think that they have all the power as to laying out and opening of public or private roads possessed by the Court of Common Pleas, and that that right is exclusive.

The order of the Monmouth Common Pleas will be set aside.